WILKINSON, Chief Judge,
with whom HAMILTON, Circuit Judge, joins, concurring in part:
We are pleased to concur in parts I, III, and IV of Judge Niemeyer’s opinion. Those sections ably demonstrate that every example of offensive and tasteless workplace conduct does not provide the basis of a cause of action under Title VII. See, e.g., Baskerville v. Culligan Int’l Co., 50 F.3d 428 (7th Cir.1995). The discussion in part II on the actionability of same sex harassment, however, is quite unnecessary to the resolution of this case, and we do not concur in it.
Moreover, the inadvisability of undertaking such a discussion is underscored by Title VII itself. The general language used by Congress in Title VII makes its intentions with respect to the actionability of same sex conduct ambiguous at best. To expand the reach of Title VII to same sex harassment risks dragging a multitude of workplace conflicts before the courts that may well exceed both the language and intent of the statute. Indeed, it is anything but clear to us exactly which kinds of workplace behavior will be held to be actionable under this view and which will not.
Finally, the position taken by our good colleague in section II is in tension with this court’s decision in McWilliams v. Fairfax County Board of Supervisors, 72 F.3d 1191, 1195 (4th Cir.1996) (rejecting Title VII hostile-environment claims “where both the alleged harassers and the victim are heterosexuals of the same sex”). The court explained in McWilliams that same sex harassment all too often takes place not ‘“because of the [target’s] sex’ ” but rather “ ‘because of the victim’s known or believed prudery, or shyness, or other form of vulnerability to sexually-focused speech or conduct” or because of the perpetrator’s own sexual “obsession,” “insecurity,” “vulgarity,” or simple “meanness of spirit.” Id. at 1196. While McWil-liams technically did not reach the question addressed by Judge Niemeyer in section II, id. at 1195 n. 4, it surely suggested that the many possible explanations for same gender incidents dictate caution in recognizing them as the basis for a Title VII action. If Title VII is to be extended to cover a whole new generation of same sex harassment claims, it is far better that it be accomplished by legislative action than by judicial fiat. The last place to reach out to recognize such claims is a case whose lack of merit is, in all events, apparent.